NO. 07-11-0383-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2012
_____

JEREMY HOUSE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-11A-007; HONORABLE ROLAND SAUL, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jeremy House (appellant) appeals his conviction for aggravated assault with a deadly weapon. Appellant plead guilty without the benefit of an agreement and punishment was tried to a jury. The jury assessed punishment at twelve years in prison and a $5,000 fine. Appellant appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated April 23, 2012, this court notified appellant of his right to file his own brief or response by May 23, 2012, if he wished to do so. To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed three potential areas for appeal. They included 1) the indictment, 2) pretrial motions, and 3) ineffective assistance of counsel. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

However, the amount of $5,479.00 is handwritten on the judgment next to defense counsel's name. Whether that evinces the trial court's intent to require appellant to reimburse those fees is unclear. Nonetheless, the record does not contain a determination by the trial court of appellant's ability to pay attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011). Rather, it illustrates that appellate counsel was appointed due to appellant's indigence. This means that appellant could

---

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).

not lawfully be ordered to reimburse the fees incurred or paid by Deaf Smith County in his defense.

So, to avoid confusion, we modify the judgment to remove reference to the $5,479.00 and thereby relieve appellant from any obligation to reimburse Deaf Smith County or any other person or entity for that fee. As modified, the judgment is affirmed and counsel's motion to withdraw is granted.


Brian Quinn
Chief Justice

Do not publish.